IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH COOPER,**

        Plaintiff,

vs.                                          Civ. No. 12cv34 RHS/KBM

**KMART,**

        Defendant.

**ORDER GRANTING MOTION TO DISMISS
PLAINTIFF'S CLAIM OF RACE DISCRIMINATION**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Claim of Race Discrimination (Doc. 14). After thoroughly considering the Motion, the Response (Doc. 15), the Reply (Doc. 18) and all accompanying exhibits, the Court concludes that the Motion is well-taken and should be granted.

This lawsuit includes four causes of action: age discrimination, race discrimination, retaliation, and unpaid wages. Only the race discrimination claim is addressed here. Defendant contends that Plaintiff's race discrimination claim should be dismissed because the Court does not have subject matter jurisdiction over this cause of action since Plaintiff failed to meet the deadline to file in district court (Doc. 14 at 1). Plaintiff counters that the administrative agency failed to properly serve him with notice that he could file his race discrimination claim in district court, and he argues that therefore the clock never began to run on his deadline to file suit.

**FACTUAL BACKGROUND**

1. On April 9, 2010, Plaintiff filed a Charge of Discrimination with New Mexico Department of Workforce Solutions, Labor Relations Division, Human Rights Bureau.

       He alleged both age and race discrimination.

2. On October 14, 2010, the Human Rights Bureau issued a probable cause determination on the race discrimination claim that was favorable to Plaintiff (Doc. 1 at 15).

3. On December 13, 2010, Plaintiff requested that correspondence be sent to Kenneth E. Cooper, 4200 Montgomery Blvd NE, Apt #212, Albuquerque, NM 87109 (Doc. 18-1 at 10).

4. On December 16, 2010, the Human Rights Bureau issued a Notice of Waiver of Hearing to Plaintiff, noting that it was in response to Plaintiff's request.  The notice was sent to Kenneth Cooper, 4200 Montgomery Blve NE Apt #212, Albuquerque, NM 87109 (Doc. 15-1).

5. Plaintiff did not receive the December 16, 2010 Notice of Waiver of Hearing (Doc. 15 at 2).  The United States Postal Service marked the letter as "Return to Sender, Unclaimed, Unable to Forward."  The Human Rights Bureau received it back on January 13, 2011 (Doc. 15-1 at 2).

6. On January 18, 2011, Plaintiff, *pro se,* filed in district court regarding his age discrimination claim (Doc 1 at 8).

7. On February 23, 2011, Plaintiff telephoned the Human Rights Bureau to determine the status of his hearing waiver for the race discrimination claim, which would allow him to proceed in district court.  He supplied a new mailing address to the Human Rights Bureau: 1112 S. Monroe St. Tucumcari, New Mexico, 88401 (Doc. 18-1 at 9).  That same day, the Human Rights Bureau mailed another copy of the waiver to Plaintiff at the address he provided, which was also returned to the Human Rights Bureau.  It was marked "Return to sender.  Not deliverable as addressed.  Unable to forward."  The

       Human Rights Bureau received it back on February 28, 2011 (Doc. 15-1).

8. On May 9, 2011, Plaintiff mailed a letter to the Human Rights Bureau and stated that he had not received the hearing waiver notice. In addition to the Tucumcari mailing address, Plaintiff provided an email address.

9. On May 10, 2011, the Human Rights Bureau transmitted the December 16, 2010 Notice of Waiver of Hearing to Plaintiff at the email address he provided. The waiver notice advised him of the 90-day deadline to file in district court. Plaintiff acknowledged receipt that same day and inquired about the 90-day deadline in two separate emails that he sent on May 10, 2011 (Doc. 18-1 at 12, 14).

10. Plaintiff did not file in district court within 90 days of May 10, 2011.

11. On August 12, 2011, Plaintiff accepted return receipt mail at 4200 Montgomery Blvd NE, Apt #212, Albuquerque, NM 87109 (Doc. 18-1 at 16), the same address he provided to the Human Rights Bureau on December 13, 2010.

12. On November 8, 2011, Plaintiff filed suit in the First Judicial District Court, State of New Mexico, County of Santa Fe, and included his race discrimination claim (Doc. 1 at 10).

13. Plaintiff filed suit 327 days after the December 16, 2010 Notice of Waiver of Hearing was mailed to him, 258 days after the February 23, 2011 mailing, and 182 days after he acknowledged receipt of the May 10, 2011 email containing the hearing waiver notice.

## ANALYSIS

The issue presented to the Court is slightly contrary to common sense. Plaintiff filed a charge of discrimination with the Human Rights Bureau and received a probable cause

determination in his favor with regard to his race discrimination claim (Doc. 1 at 15). Plaintiff then had the choice to (1) continue to an administrative hearing or (2) request a hearing waiver and file in district court. NMAC 9.1.1.11. He chose to request a waiver so that he could file in district court, and that option requires that he file suit within 90 days of the date of service of the administrative agency's order. NMSA 1978 § 28-1-13(A). Even though he requested the waiver three times and the Human Rights Bureau undisputably sent him the waiver three times to the addresses he provided, Plaintiff did not file in district court within 90 days of any of the dates that the agency served the notice that Plaintiff requested.

Ironically, Plaintiff now complains that the very process he set in motion (requesting a waiver of an administrative hearing so that he could file in district court) is what prevented him from actually filing suit on time. The Court is not convinced. Within the same time period that Plaintiff missed the deadline to file in district court to move forward on his race discrimination claim, Plaintiff did file in district court with regard to his age discrimination claim (Doc. 1 at 8). Plaintiff, even *pro se,* understood what he was required to do. His Notice of Appeal with regard to the age discrimination claim even cites the statute with the 90-day deadline to file (Doc. 1 at 8). Plaintiff's argument that he did not meet the court filing deadline because he did not receive a paper copy of the document he requested is unpersuasive when he acknowledged receiving notice on May 10, 2011 via email.

### Plaintiff Received Service by May 10, 2011

Plaintiff argues that he was never properly served, but also concedes that the statute in question does not define proper service (Doc. 15 at 3). Plaintiff asserts that it is appropriate to rely on general civil procedure rules to determine if proper service was effected. However, there

are key differences between the situation presented here and the formality of a plaintiff filing and serving a lawsuit on a defendant to notify the defendant of a court action.  In this case, the service in question is only delivering to Plaintiff a document that he requested from a government entity with which he was already in contact.  The Court is not persuaded that rules of civil procedure (state or federal) should apply to the agency's service of a document.

In any event, Plaintiff clearly acknowledged that he received the hearing waiver notice.  His email to the agency states, "I have downloaded and printed an electronic copy of the original Waiver letter as of 3:48 PM, May 10, 2011, which is my first and only acknowledgement of receipt of the Waiver Letter.  Do I now have 90 days from today's acknowledgement date and time of receipt of the Waiver to file my action in district court?" (Doc. 18-1).  There is not any viable argument that Plaintiff did not have actual notice that the Human Rights Bureau had granted his request to waive the hearing so that he could proceed to district court.  Furthermore, he demonstrated that he knew understood what action was required within 90 days.

### Plaintiff Did Not Meet the Deadline to File Within 90 Days of Service

For the sake of argument, the Court will assume without deciding that Plaintiff's 90-day deadline to file in district court started when he received actual notice on May 10, 2011.  The statute is clear that Plaintiff had 90 days to file.

> A person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety days from the date of service of the commission's order.

NMSA 1978 § 28-1-13(A).  Plaintiff did not file until November 8, 2011, 182 days after receiving actual notice.  He has not presented any reason why he failed to file suit with regard to the race discrimination claim.

### The Claim Must Be Dismissed

The New Mexico Supreme noted that case law "requires full compliance with NMHRA [New Mexico Human Rights Act] grievance procedures as a prerequisite to filing a claim in district court." Sabella v. Manor Care, Inc., 1996-NMSC-014 ¶ 9 (citing Luboyeski v. Hill, 117 N.M. 380, 382, 872, P.2d 353, 355) (1994).   The statutory time frame for filing has been extended from 30 to 90 days in recent years, but in Mitchell-Carr v. McClendon, 1999-NMSC-025 ¶ 17, the New Mexico Supreme Court was unequivocal about the requirement to dismiss if the statutory deadline was not met:

> {17} This Court and the Court of Appeals have consistently held that "full compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." Sabella, 1996-NMSC-014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord Luboyeski, 117 N.M. at 382, 872 P.2d at 355; Jaramillo, 102 N.M. at 273, 694 P.2d at 529. Under these authorities, the timely filing of a notice of appeal from an NMHRA administrative order is "effective to give the district court jurisdiction to try the case de novo" under Section 28-1-13. Linton v. Farmington Mun. Schs., 86 N.M. 748, 750, 527 P.2d 789, 791 (1974); cf. Sabella, 1996-NMSC-014, ¶¶ 12-13, 121 N.M. 596, 915 P.2d 901 (allowing a person to maintain her NMHRA claim in district court based on the fact that she had requested and received an order of nondetermination from the Division). On the other hand, **the district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied.**

(Emphasis added).  In his Response brief, Plaintiff has not addressed any of this binding precedent or explained how Plaintiff achieved full compliance with the grievance procedures so that he could move forward in district court with his race discrimination claim.

THEREFORE, it is concluded that Plaintiff's race discrimination claim must be dismissed because Plaintiff has not exhausted his administrative remedies and as a result the Court does not have jurisdiction over the claim.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE